STATE OF INDIANA ) IN THE ALLEN SUPERIOR COURT
) SS:
COUNTY OF ALLEN ) CAUSE NO.____________________

TIFFANY N. JACKSON, )
Plaintiff, )
v. )
EXECUTIVE MANAGEMENT SERVICES, )
Defendant(s). )

**COMPLAINT**

Plaintiff alleges against Defendant as follows:

1. The Plaintiff is Tiffany Jackson, a qualified employee of Defendant at all times material to this Complaint. Plaintiff alleges she was discriminated against and retaliated against on the basis of her race (black) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* as amended ("Title VII"), and 42 U.S.C. § 1981.

2. In the alternative, Plaintiff alleges she was retaliated against and terminated due to incurring a work-related injury and attempted to utilize benefits under Indiana Workers Compensation Act as a result of the sustained injury, in violation of the laws and public policies of the State of Indiana.

3. Defendant is Executive Management Services, a company doing business at 5020 Executive Blvd. Fort Wayne, IN 46808. Defendant is an employer for the purposes of Title VII.

4. Plaintiff filed her Charge of Discrimination with the Fort Wayne Metropolitan Human Relations Commission ("Metro") and the Equal Employment Opportunity Commission

("EEOC") October 7, 2021 (Charge No. 24D-2021-00338), a copy of which is attached hereto, incorporated herein, and made part hereof as "Ex. A." The EEOC issued its determination and Notice of Rights May 24, 2022, a copy of which is attached hereto and made part hereof as "Ex. B." All jurisdiction prerequisites have been met, and all administrative remedies have been exhausted for the filing of this lawsuit.

5. Plaintiff worked for Defendant from 2008 until her termination on or about August 13, 2021. At the time of separation from employment Plaintiff's job title was Area Supervisor.
6. Plaintiff had previously filed a Charge of discrimination with Metropolitan Human Relations Commission in August 2019.
7. In June 2021 Plaintiff suffered an injury at work that exacerbated a previous injury and required a doctor's care, she requested Defendant's workers compensation insurance, and required some time off work to heal from the injury. Plaintiff was denied her Workers Comp claim.
8. On or about August 11, 2021 Plaintiff had to leave work early due to an emergency at her home when the power went out at her home.
9. Before Plaintiff left work, she asked her manager Ron Hoelle if he needed her keys and badge as he often utilized Plaintiff's keys and badge to access work areas. Ron asked what still needed to be done, Plaintiff responded and told him, then asked if he needed her keys. When Ron did not answer, Plaintiff left her keys and badge in the event Ron needed them.
10. Plaintiff was contacted on or about August 12, 2021 asking Plaintiff to stop by the

office before Plaintiff's shift. When Plaintiff arrived at the office she was confronted by Nancy Scheumann, Executive Vice-President, and Ronald Hoelle.

11. Ms. Scheumann and Mr. Hoelle proceeded to accuse Plaintiff of leaving early on August 11 because Plaintiff "had a problem with Bob because of the Complaint she filed with the EEOC back in 2019."

12. Plaintiff attempted to explain the emergency conditions at her home but was told that she was being sent home and that Plaintiff was under investigation.

13. On or about August 13, 2021 Plaintiff was contacted by Kristen Dugan and Ms. Dugan terminated Plaintiff for excessive absences.

14. Plaintiff had never been formally or informally disciplined for attendance issues and had never been notified that she had excessive absences.

15. Plaintiff is aware of several white/Caucasian/non-black employees, including, Laurie Rhodes, , Jane _____, Pam _____, Corey Benson, and Dawn Bourbon, who had not filed Complaints with the EEOC that had similar attendance as Plaintiff and/or work injuries and were not disciplined.

16. It was a well-established company policy that employees, including those mentioned in paragraph thirteen (15), were allowed to call off of work with or without available PTO and no discipline would be taken.

17. That Plaintiff alleges she was discriminated against on the basis of her race and retaliated against for previously filing an EEOC complaint.

18. In the alternative, Plaintiff alleges that she was retaliated against and terminated for suffering a work-place injury that required the utilization of workers compensation

insurance benefits for which she was denied.

19. Defendant's discriminatory and/or retaliatory conduct was the direct and proximate cause of Plaintiff's suffering the loss of her job and job-related benefits, including income, and subjected her to emotional distress, humiliation, inconvenience, embarrassment, mental anguish, and other damages and injuries. Plaintiff is entitled to compensatory damages (such as back pay), including reasonable attorney fees and costs.

20. Furthermore, Defendant's discriminatory and retaliatory conduct was intentional, knowing, willful, wanton, and in reckless disregard of Plaintiff's federally protected rights pursuant to Title VII and/or the laws and public policies of the State of Indiana, warranting an imposition of punitive damages.

WHEREFORE, Plaintiff prays for judgment against the Defendant for compensatory damages, punitive damages, reasonable attorney's fees and costs, and for all other just and proper relief in the premises.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,
**CLOSE & HITCHCOCK, LLP**

/s/ Jennifer L. Hitchcock
Jennifer L. Hitchcock, #34635-02
116 E. Berry Street, Suite 625
Fort Wayne, IN 46802
Telephone: (260) 408-6818
E-Mail: jennifer@closehitchcock.com
Attorney for Plaintiff